UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUNTER JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1903** |
| **MORRISON ENERGY GROUP, LLC** | **SECTION D (1)** |

### ORDER AND REASONS

Before the Court is Defendant Morrison Energy Group, LLC's Motion to Dismiss Plaintiff's Claims for Punitive Damages for Jones Act Negligence and Unseaworthiness.[1] Plaintiff Hunter Jones has filed an Opposition.[2] Defendant Morrison Energy Group, LLC has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

### I.  FACTUAL BACKGROUND

On or about October 18, 2021, Hunter L. Jones filed suit against Morrison Energy Group, LLC ("Morrison Energy") for personal injuries that he allegedly sustained in a slip and fall incident that occurred on or about June 13, 2021.[4] Plaintiff asserts that he was employed by Defendant as a Jones Act seaman and that he was assigned to work aboard the DSV JOANNE MORRISON when the incident occurred.[5] In addition to seeking pecuniary damages, Plaintiff seeks punitive damages for

---

[1] R. Doc. 6.
[2] R. Doc. 9.
[3] R. Doc. 12.
[4] R. Doc. 1 at p. 2, ¶V.
[5] *Id.* at p. 1, ¶III.

negligence or unseaworthiness under general maritime law, and for failure to pay maintenance and cure benefits.[6]

Defendant filed a Motion to Dismiss Plaintiff's Claims for Punitive Damages for Jones Act Negligence and Unseaworthiness, asserting that Plaintiff's claims for punitive damages under Jones Act negligence and general maritime law unseaworthiness should be dismissed because the U.S. Supreme Court and the Fifth Circuit Court of Appeals have determined that a seaman is not entitled to punitive damages for such claims.[7]

Plaintiff filed a Response to the Motion to Dismiss, requesting that, should the Court grant the Defendant's Motion to Dismiss, those claims for punitive damages be dismissed without prejudice.[8] Plaintiff concedes that the Fifth Circuit has determined that punitive damages are unavailable under general maritime law against employers.[9] Nonetheless, Plaintiff maintains that Defendant's Motion to Dismiss should be dismissed without prejudice, arguing,

> As for Plaintiff's claims for punitive damages under the general maritime law related to gross negligence or unseaworthiness asserted in the Complaint, Plaintiff respectfully avers that this issue may not be completely foreclosed in the future. Although the United States Fifth Circuit Court of Appeals has stated that punitive damages are not available under the general maritime law against employers in *McBride v. Estis Well Services*, 768 F.3d 382 (5th Cir. 2015), there is a possibility

---

[6] *Id.* at pp. 3—4, ¶¶ VII—XI.
[7] R. Doc. 6. Defendant does not seek to dismiss Plaintiff's claim for punitive damages for any alleged failure to pay maintenance and cure.
[8] R. Doc. 9 at p. 1.
[9] *Id.* at p. 2 (citing *McBride v. Estis Well Serv., LLC*, 768 F. 3d 382 (5th Cir. 2015)).

that the Supreme Court could hold otherwise in the future, should there be a circuit split and that Court take up the case.[10]

Plaintiff additionally requests that his claims for punitive damages related to maintenance and cure be left undisturbed.[11]

Defendant filed a Reply arguing that Plaintiff's assertion that the Supreme Court may hold otherwise if a circuit split were to arise is unlikely because the Supreme Court has already ruled on the issue.[12]

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[13] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[16]

---

[10] R. Doc. 9 at p. 2.
[11] *Id.* at pp. 1-2.
[12] R. Doc. 12 (citing *The Dutra Grp. v. Batterton*, 139 S. Ct. 2275 (2019); *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)).
[13] Fed. R. Civ. P. 12(b)(6).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[15] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[16] *Iqbal*, 556 U.S. at 679 (quotation omitted).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[17] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[18] The allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[19] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[20] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[21] The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[22]

### III. ANALYSIS

#### A. Punitive Damages under the Jones Act

Under the Jones Act, an injured seaman may sue an employer for compensation for personal injury caused by the employer's negligence.[23] When Congress enacted the Jones Act, it "extended to seamen the same negligence remedy

---

[17] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[18] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[19] *Twombly*, 550 U.S. at 545.
[20] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[21] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[22] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004).
[23] 46 U.S.C. § 30104.

for damages afforded to railroad workers under the Federal Employers' Liability Act ('FELA')."[24] Damages allowed under FELA are limited to pecuniary damages only.[25] Because Congress incorporated FELA unaltered into the Jones Act, damages are likewise limited to pecuniary damages under the Jones Act.[26] Consequently, since punitive damages are not pecuniary losses, punitive damages are not recoverable for negligence under the Jones Act.[27] The Supreme Court explicitly limited recovery under a Jones Act wrongful death action to pecuniary losses in *Miles v. Apex Marine Corp.*,[28] and the Fifth Circuit reached the same result regarding a Jones Act negligence action in *McBride v. Estis Well Service*.[29] Accordingly, punitive damage claims are not recoverable by Plaintiff for his Jones Act claim.

### B. Punitive Damages under General Maritime Law

Punitive damages are also not recoverable for unseaworthiness claims under general maritime law.[30] Following the Supreme Court's holding that punitive damages are recoverable for general maritime law maintenance and cure claims in *Atlantic Sounding v. Townsend*, a circuit split emerged regarding whether punitive damages are recoverable under general maritime law unseaworthiness claims.[31] The Ninth Circuit held that punitive damages are recoverable under such claims,[32] but

---

[24] *McBride v. Estis Well Serv.*, 768 F. 3d 382, 385-86 (5th Cir. 2014).
[25] *Id.* at 386.
[26] *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990).
[27] *McBride*, 768 F.3d at 384.
[28] *Miles*, 498 U.S. at 32.
[29] *McBride*, 768 F.3d at 384, 388.
[30] *The Dutra Grp. v. Batterton*, 139 S. Ct. 2275, 2278 (2019).
[31] *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 424 (2009).
[32] *Batterton v. Dutra Grp.*, 880 F.3d 1089, 1096 (9th Cir. 2018), *rev'd. and remanded sub nom., The Dutra Grp. v. Batterton*, 139 S. Ct. 2275 (2019).

the Fifth Circuit conversely held that they are not recoverable.[33] The Supreme Court resolved this split in *The Dutra Group v. Batterton*.[34] There, the Supreme Court clarified that "there is no historical basis for allowing punitive damages in unseaworthiness actions, and in order to promote uniformity with the way courts have applied parallel statutory causes of action, we hold that punitive damages remain unavailable in unseaworthiness actions."[35] Thus, punitive damages are not recoverable for general maritime law unseaworthiness claims. Plaintiff's argument in his opposition that there is a "possibility" that the Supreme Court "could hold otherwise in the future, should there be a circuit split and that Court take up the case" is nothing more than speculation that fails to assert a valid claim.

### C. Allowing Plaintiff to amend their Complaint would be futile under Fed. R. Civ. P. 15.

The Court notes that Plaintiff has not requested leave to amend his Complaint, either by formal motion or in his Response. Nonetheless, while the Court will "freely give leave [to amend] when justice so requires,"[36] leave to amend "is by no means automatic."[37] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the

---

[33] *McBride*, 768 F.3d at 384.
[34] 139 S. Ct. at 2278.
[35] *Id.*
[36] Fed. R. Civ. P. 15(a).
[37] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

amendment."[38] "I[t] is within the district court's discretion to deny a motion to amend if it is futile."[39] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[40]

Applying those factors here, the Court finds that any amendment would be futile as the Supreme Court has explicitly ruled that parties cannot recover punitive damages under the Jones Act and general maritime law unseaworthiness. Further, during a telephone status conference with counsel today, the Court offered Plaintiff the opportunity to amend the Complaint to withdraw the punitive damage claims. Plaintiff declined to do so, preferring a ruling from the Court. Based on the foregoing, the Court finds that Morrison Energy is entitled to dismissal of Plaintiff's claims for punitive damages under the Jones Act and general maritime law unseaworthiness in accordance with Fed. R. Civ. P. 12(b)(6). To the extent that Plaintiff seeks in its opposition that his claim for punitive damages for any alleged failure to pay maintenance and cure be left undisturbed, the Court again notes that Defendant did not seek dismissal of that claim and it remains pending.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Morrison Energy Group, LLC's Motion to Dismiss Plaintiff's Claims for Punitive Damages for Jones Act Negligence and Unseaworthiness[41] is **GRANTED**.

---

[38] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[39] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).
[40] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[41] R. Doc. 6.

**IT IS FURTHER ORDERED** that Plaintiff's claims for punitive damages for Jones Act negligence and general maritime law unseaworthiness are **DISMISSED with prejudice**. All other claims remain pending.

New Orleans, Louisiana, February 14, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**